May Eaton (SBN 298123)
Joseph Farco (*Pro Hac Vice pending*)
BOCHNER PLLC
1040 6th Avenue, 15th Floor
New York, NY 10018
Phone: 646-971-0685
meaton@bochner.law
jfarco@bochner.law

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHENZHENSHI WANGSI KEJI YOUXIANGONGSI, SHENZHEN YUNHANGHUI KEJI YOUXIANGONGSI, and SHENZHEN YAQI FURNITURE CO., LTD.,<br><br>        Plaintiffs,<br><br>vs.<br><br>YVONNE HUNG,<br><br>        Defendant. | Case No. 3:25-cv-10851<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY** |

## COMPLAINT

Plaintiffs Shenzhenshi Wangsi Keji Youxiangongsi, Shenzhen Yunhanghui Keji Youxiangongsi, and Shenzhen Yaqi Furniture Co., Ltd. (collectively, "Plaintiffs") allege as follows:

## NATURE OF THE ACTION

1. This is an action for Declaratory Judgment for invalidity of Defendant's U.S. Patent Number 12,369,715 (the "'715 Patent"). Plaintiffs seek declaratory relief and any other relief that the Court deems just and proper.

2. A copy of the '715 Patent is attached hereto as Exhibit 1.

## THE PARTIES

3. Plaintiff Shenzhenshi Wangsi Keji Youxiangongsi ("Wangsi Keji") is a furniture company organized under the laws of China with its principal place of business in Shenzhen City, China.

4. Plaintiff Shenzhen Yunhanghui Keji Youxiangongsi ("Yunhanghui Keji") is a furniture company organized under the laws of China with its principal place of business in Shenzhen City, China.

5. Plaintiff Shenzhen Yaqi Furniture Co., Ltd. ("Yaqi") is a furniture company organized under the laws of China with its principal place of business in Shenzhen City, China.

6. On information and belief, Defendant Yvonne Hung is an individual residing in San Francisco, California and is the named inventor and owner of the '715 Patent.

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case or controversy exists between Plaintiffs and Defendant regarding the validity of the '715 Patent. Defendant has asserted the '715 Patent against Plaintiffs by submitting infringement complaints to Amazon that resulted in Amazon removing Plaintiffs' product listings from its U.S. online marketplace.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because, on information and belief, Defendant resides in this District.

## FACTUAL BACKGROUND

11. On or about July 29, 2025, the '715 Patent issued to named inventor and Defendant Yvonne Hung. The '715 Patent is titled "Stacking Stools." The face of the '715 Patent identifies Yvonne Hung as the applicant, and as of the date of this Complaint, no assignments are recorded with the United States Patent and Trademark Office for the '715 Patent.

12. Plaintiff Wangsi Keji operates an Amazon.com storefront under the trade name "WoodsWhisper."

13. Plaintiff Yunhanghui Keji operates an Amazon.com storefront under the name "Yunhanghui," including product listings branded as "Mansfieler."

14. Plaintiff Yaqi operates an Amazon.com storefront under the name "AnywaysWood," including product listings branded as "AnywaysWood" and "KungFuWood."

15. On or about November 14, 2025 and November 21, 2025, Plaintiff Wangsi Keji received notices from Amazon, each stating that Amazon had received a complaint from "Otelier" (submitted using the email address admin@otelier.com) alleging that Wangsi Keji's nesting furniture products listed on its WoodsWhisper storefront infringed the '715 Patent. As a result of the complaints, Amazon removed or deactivated multiple product listings associated with Wangsi Keji's WoodsWhisper storefront, including nesting furniture product listings identified by Amazon Standard Identification Numbers (ASINs) B0DXCYR922, B0F7G4QL3K, B0F535HF8X, B0F52WDX46, and B0DXCXX2ZW.

16. On or about December 11, 2025, Plaintiff Yunhanghui Keji received a notice from Amazon stating that Amazon had received a complaint from "Otelier" (submitted using the email address admin@otelier.com) alleging that Yunhanghui Keji's nesting furniture product listed on its Yunhanghui storefront infringed the '715 Patent. As a result of the complaint, Amazon removed or deactivated at least one product listing associated with Yunhanghui Keji's Yunhanghui storefront, including a nesting furniture product listing identified by ASIN B0F7GCYXZS.

17. On or about November 21, 2025, Plaintiff Yaqi received a notice from Amazon stating that Amazon had received a complaint from "Otelier" (submitted using the email address admin@otelier.com) alleging that Yaqi's nesting furniture products listed on its AnywaysWood storefront infringed the '715 Patent. As a result of the complaint, Amazon removed or deactivated multiple product listings associated with Yaqi's AnywaysWood storefront, including nesting furniture product listings identified by ASINs B0DTYKNTN7, B0F48HZDPR, B0DTYL3NRM, and B0DTYD2R95.

18. In each of the notices received by Plaintiffs, Amazon further advised Plaintiffs that reinstatement of the listings would require either (i) a court order, (ii) a retraction by the rights owner, or (iii) evidence that the removed listings do not violate Amazon's intellectual-property policy.

19. According to its website, Otelier is a "furniture studio based in San Francisco" that was founded by "designer Yvonne Hung."[1] On information and belief, Defendant Yvonne Hung owns the Otelier brand and submitted, authorized, or caused to be submitted the complaints to Amazon alleging infringement by Plaintiffs' nesting furniture products of the '715 Patent, for which she is the sole named inventor and patent owner. As of the date of this Complaint, no assignment of rights in the '715 Patent from Defendant Hung to Otelier is recorded with the United States Patent and Trademark Office.

20. Plaintiffs' ability to continue selling their products on Amazon.com in the United States market has been impaired by the infringement allegations asserted under the '715 Patent, creating a substantial, immediate, and justiciable controversy between the parties.

---

[1] https://otelier.com/pages/about.

21.   Plaintiffs believe that they do not infringe and have not infringed the '715 Patent at least because the '715 Patent is invalid.

22.   A real and immediate controversy exists between Plaintiffs and Defendant as to the invalidity of the '715 Patent.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment That the Claims of the '715 Patent Are Invalid)**

23.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24.   In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Plaintiffs, on the one hand, and Defendant, on the other, regarding whether the claims of the '715 Patent are valid.

25.   The claims of the '715 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

26.   First, the claims of the '715 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 because the claims are anticipated and/or rendered obvious by prior art. For example, the claims of the '715 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or as obvious under 35 U.S.C. § 103 in view of prior art to the patent, including without limitation, U.S. Patent Application Publication No. 2018/0236365, German Patent Application Publication No. DE3835170A1, Chinese Patent Application Publication No. CN112932150A, and Chinese Utility Model Patent No. CN205457293U.

27.   Second, the claims of the '715 Patent are invalid under 35 U.S.C §112. For example, claim 1 of the '715 Patent is invalid under 35 U.S.C § 112 because the specification does not provide an adequate written description for the limitation: "the plurality of top legs, the plurality of bottom legs, the plurality of first middle legs, and the plurality of second middle legs all have a same length." '715 Patent at cl. 1. As another example, claim 1 of the '715 Patent is invalid under 35 U.S.C § 112 for lack of enablement because the specification does not enable a person of ordinary skill in the art to make and use the following claim limitations without undue experimentation: "a top surface of each of the plurality of top legs is co-planar with the bottom

surface of the top platform," "a top surface of each of the first plurality of middle legs is co-planar with a top surface of the first middle platform," "a top surface of each of the second plurality of middle legs is co-planar with a top surface of the second middle platform," and "a top surface of each of the plurality of bottom legs is co-planar with the bottom surface of the bottom platform."

28. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Plaintiffs and Defendant regarding whether any claim of the '715 Patent is valid.

29. Plaintiffs are entitled to judgment declaring that the claims of the '715 Patent are invalid at least under 35 U.S.C. §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs SHENZHENSHI WANGSI KEJI YOUXIANGONGSI, SHENZHEN YUNHANGHUI KEJI YOUXIANGONGSI, and SHENZHEN YAQI FURNITURE CO., LTD. respectfully request entry of judgment in their favor and against Defendant YVONNE HUNG as follows:

A. A declaration that the claims of the '715 Patent are invalid; and

B. Such other costs and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues and claims so triable.

Dated:  December 19, 2025

                                                Respectfully submitted,

By: */s/ May Eaton*
     Bochner PLLC
     May Eaton (SBN 298123)
     Joseph Farco, Esq. (*pro hac vice* pending)
     1040 Avenue of the Americas, 15th Fl.
     New York, NY 10018
     (646) 971-0685
     jfarco@bochner.law
     meaton@bochner.law

     *Attorneys for Plaintiffs SHENZHENSHI WANGSI KEJI YOUXIANGONGSI, SHENZHEN YUNHANGHUI KEJI YOUXIANGONGSI, and SHENZHEN YAQI FURNITURE CO., LTD.*